IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-82027 |
| | ) | |
| FELICIA ANNE WASHINGTON, | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |

## **ORDER**

     Hearing was held in Omaha, Nebraska, on March 12, 2007, on Confirmation of Debtor's Chapter 13 Plan (Fil. #8), and an Objection thereto by Wells Fargo Financial Nebraska, Inc. (Fil. #12). Bruce C. Barnhart appeared for Debtor, and Matthew E. Eck appeared for Wells Fargo Financial Nebraska, Inc. ("Wells Fargo").

     On April 17, 2004, Debtor purchased a 2003 Oldsmobile Alero ("Vehicle"). Wells Fargo is the holder of a duly perfected purchase money security interest therein. Wells Fargo filed a proof of claim alleging a secured claim of $8,100.00 and an unsecured claim of $3,088.81 with respect to its loan.[1] At the hearing, however, Wells Fargo asserted that it would accept a valuation of the Vehicle of $8,075.00.

     Debtor's evidence was in the form of an affidavit of Robert W. Ryan, owner of USA Auto Appraisers (Fil. #19). Mr. Ryan examined the Vehicle on November 29, 2006, and determined that the NADA retail value as of November 2006, after deducting for high mileage, is $8,075.00. However, Mr. Ryan also deducted for "repairs needed" in the amount of $3,050.00, resulting in an as-is value of $5,025.00. The repairs included deductions for body and paint work of $1,800.00, a crack in the windshield of $300.00, repair and cleaning of the interior of $350.00, and replacement of all four tires in the amount of $600.00.

     With the exception of the body damage and the windshield crack, the deductions asserted by Debtor's appraiser all appear to be wear and tear items that are presumably factored into the NADA valuation. Accordingly, deductions for such items will not be allowed. With respect to the body damage and windshield, Debtor has not explained how the damage happened, when the damage happened, why the damages have not been repaired, whether there was insurance coverage for the damage, and if so, what happened to the insurance proceeds. Debtor has a contractual obligation to keep the Vehicle in good repair. This Vehicle was purchased less than three years ago, and any damage should have been repaired pursuant to the required insurance coverage. If Debtor desires

---

[1] In this district, valuation issues are typically addressed in the claims allowance process. *See In re Stein*, 63 B.R. 140 (Bankr. D. Neb. 1985), and Nebraska Local Rule of Bankruptcy Procedure 3007-1(C). However, the Chapter 13 Trustee has not yet issued her Notice Concerning Claims, so no deadline has been established for Debtor to object to Wells Fargo's claim. For purposes of this Order and as a result of the valuation Debtor has placed on the Vehicle in her plan, it will be presumed that Debtor does object to the claim of Wells Fargo.

to retain the Vehicle, she is not entitled to a deduction for damage that should have been repaired with insurance proceeds.

    IT IS ORDERED: The objection to confirmation is sustained, Wells Fargo is entitled to a secured claim in the amount of $8,075.00, and Debtor should file an amended plan properly providing for payment to Wells Fargo in that amount, plus appropriate interest. Debtor shall have until April 9, 2007, to file an amended plan in accordance with the foregoing.

    DATED: March 13, 2007.

                                 BY THE COURT:

                                 /s/ Thomas L. Saladino
                                 United States Bankruptcy Judge

Notice given by the Court to:
    *Bruce C. Barnhart
    Matthew E. Eck
    Kathleen Laughlin
    U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.